IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICK ROSARIO, M.D.,

      Plaintiff,                     17cv0085
                                          **ELECTRONICALLY FILED**

      v.

WEIRTON MEDICAL CENTER,

      Defendant.

**MEMORANDUM ORDER OF COURT GRANTING PRELIMINARY INJUNCTION**

AND NOW, this 26th day of April, 2018, the Court hereby GRANTS the Amended Motion for Preliminary Injunction, doc. no. 38.

In granting this Amended Motion for Preliminary Injunction the Court notes the following:

    **I. Background / Procedural History**

This case was incepted in January of 2017 when Plaintiff filed his Complaint seeking, *inter alia,* injunctive relief. Doc. no. 1 The Court issued a Scheduling Order and set a preliminary injunction hearing date for February 8, 2017 and also ordered that the Parties attend a mediation session prior to the Preliminary Hearing. Doc. no. 9. In accordance with the Scheduling Order, Plaintiff filed an affidavit, doc. no. 14, in support of his request for injunctive relief, and his counsel briefed the matter. Doc. no. 15. Defendant filed a Brief in Opposition to Plaintiff's Motion for injunctive relief (doc. no. 20), with an Affidavit in support of its opposition (doc. no. 20-1), and filed an Answer to the Complaint. Doc. no. 21. The Preliminary Hearing was rescheduled, at Plaintiff's request, for March 7, 2017. Doc. no. 17.

After the Parties attended their Court-Ordered mediation session, Plaintiff filed a Motion to Convert the Preliminary Hearing to a Status Conference (doc. no. 22), which the Court granted. Doc. no. 23. During the March 7, 2017 status conference, the Parties informed the Court that they would be proceeding with a peer review administrative hearing, leading the Court to deny the Motion for Preliminary Injunction, without prejudice, as premature. Doc. nos. 24 and 25. This Court further Ordered the Parties to return for a second status conference on May 31, 2017. After rescheduling the second status conference, twice, to allow the Parties to complete the administrative process, the Parties filed a Joint Motion Seeking Administrative Closure of the matter to allow for additional time to complete the administrative process. Doc. no. 32. This Court granted the Parties' request. Doc. no. 33.

**II. Analysis**

The issuance of a preliminary injunction under Federal Rule of Civil Procedure 65, a court must balance: (1) the likelihood that the moving party will prevail on the merits at final hearing; (2) the extent to which the moving party will suffer irreparable injury in the absence of relief; (3) the extent to which the nonmoving party will suffer irreparable injury if the preliminary injunction is issued; and (4) the public interest. *See Council of Alternative Political Parties v. Hooks*, 121 F.3d 876, 879 (3d Cir.1997).

The Complaint that was initially filed in this case sought to enjoin the Defendant from holding a peer review hearing without first providing Plaintiff with certain information. After attending a Court-Ordered mediation session, the Parties reached an agreement with respect to the requested information sought by Plaintiff and a peer review hearing was held. Given the success of the mediation and the pending peer review, this Court, as noted above, denied Plaintiff's Motion for a Preliminary Injunction, without prejudice, as moot.

The peer review hearing was conducted and outcome was that the Defendant's peer review panel recommended termination of Plaintiff's privileges. The Defendant's Board approved the Appellate Review Committee's recommendation to terminate Plaintiff's privileges as of April 5, 2018.

On April 2, 2018 Plaintiff informed Defendant, through his legal counsel, that he intended to file a Renewed Motion for Preliminary Injunction and in order to prevent Defendant from issuing a report to the National Practitioner Data Bank ("NPDB"). On April 6, 2018, Defendant provided written notice to Plaintiff that it intended to make a report to the NPDB. Doc. no. 43.

Plaintiff filed his Renewed Motion for Preliminary Injunction on April 9, 2018, seeking to enjoin Defendant from making its report to the NPDB. Despite Defendant's knowledge that this document was going to be and/or was filed, Defendant issued a report to the NPDB.[1] This reporting action led Plaintiff to file the immediate Renewed Amended Motion for Preliminary Injunction on April 18, 2018. Doc. no. 38.

Turning to the four factors this Court to consider before issuing a preliminary injunction, the Court finds that Plaintiff has suffered and will continue to suffer irreparable injury to his reputation and livelihood in the absence of injunctive relief. By reporting to the NPDB, Defendant has harmed – at a minimum – his professional reputation and his ability to practice medicine. In contrast, had Defendant not reported Plaintiff to the NPDB once it was alerted to

---

[1] Defendant claims that it only had thirty days to make this report or face sanctions. The timing of the reporting is governed by 42 U.S.C.A. § 11134 which states that "information required to be reported . . . shall be reported regularly (but not less often than monthly) and in such form and manner as the Secretary prescribes." Notably, had this Court entered an Order enjoining Defendant from reporting the matter to the NPDB, the Defendant would have been obligated to follow this Court's Order. See *Untract v. Fikri,* 454 F.Supp.2d 289, 321 (W.D. Pa. 2006).

the fact that a Renewed Motion for Preliminary Injunction would be filed, the harm to Defendant would have been negligible.

Moreover, the status quo at the time Plaintiff informed Defendant, through his legal counsel, that he intended to file a Renewed Motion for Preliminary Injunction in order to prevent Defendant from issuing a report to the NPDB (on April 2, 2018), was that no report had been made to the NPDB. Despite this forewarning, on April 6, 2018, one day after the Board issued its decision, Defendant reported Plaintiff to the NPDB.

These factors weigh heavily in favor of granting the Motion for Preliminary Injunction. Because these factors weigh heavily in Plaintiff's favor, the Court finds he is likely to succeed on the merits of his claim. Furthermore, the public interest is served by the granting of this preliminary in junction.

Moreover, as set forth in this Court's Scheduling Order at [doc. no. 42](), the Court will hold a permanent injunction hearing in the immediate future – on May 24, 2018. So, to the extent that any party does not agree with the implementation of this preliminary injunction, the Court has deemed it appropriate to hold a permanent injunction hearing so that any concerns can be addressed by the Court at that time. The scheduling order at [doc. no. 42]() also sought to address any outstanding discovery issues and the need for Plaintiff to amend his Complaint to reflect the more recent events that impact his recitation of the facts and possible his claims.

Accordingly, after consideration of Plaintiff's Amended Renewed Motion for Preliminary Injunction ([doc. no. 38]()), Plaintiff's Affidavit ([doc. no. 43]()), and Defendant's Response to same (doc. no 45) and the documents filed Under Seal (doc. no. 48), the Court hereby:

1. ORDERS Defendant to void or withdraw its Report to the NPDB concerning Plaintiff;

2. ENJOINS Defendant from issuing any further adverse reports concerning Plaintiff to the NPDB until this Court issues its ruling on the permanent injunction; and

3. ORDERS Plaintiff to post a bond in the amount of $10,000.00 with the Clerk of Court forthwith.

**SO ORDERED, this 26th day of April, 2018.**

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All ECF Registered Counsel of Record